

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# Stephan v. Transp Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Stephan v. Transp Ins Co" (2005). *2005 Decisions.* Paper 813.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/813

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 04-1029, 04-1124 and 04-1125

———————

WILLIAM STEPHAN; KATHRYN T. STEPHAN;
JACK B. MONTI; KATHY MONTI, t/a
HOLLY BEACH CONDOMINIUM ASSOCIATION
(an Unincorporated Association);
HOLLY BEACH CONDOMINIUM ASSOCIATION
                        Appellants/Cross Appellees


v.


TRANSPORTATION INSURANCE COMPANY,
                        Appellee/Cross Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 01-cv-01555
District Judge:  The Honorable  Joseph E. Irenas

———————

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

———————

Before: ROTH, RENDELL, and BARRY, Circuit Judges

———————

(Opinion Filed: July 20, 2005)

———————

OPINION

———————

BARRY, Circuit Judge

Appellants ("the Owners") are the owners of a three-story condominium located in Wildwood, New Jersey. The Owners obtained an insurance policy from Transportation Insurance Company ("Transportation") for the condominium. The condominium building is supported by wood pilings extending upward from the ground. In September, 1999, the Owners noticed that the building was swaying during wind gusts, and they retained Irving Fruchtman to inspect the building's piling foundation system. Fruchtman discovered subterranean decay in 17 of the 29 pilings, and determined that the property was subject to collapse if exposed to winds of 90 miles per hour or greater. Based on Fruchtman's report, the Owners undertook an extensive remediation project to correct the foundation problem, at an expense of approximately $113,000. The Owners sought coverage for this project from Transportation. When Transportation refused, the Owners commenced this action.

The insurance policy specifically excludes "foundations of buildings. . .if their foundations are below. . . [t]he surface of the ground," and loss resulting from "rust corrosion, fungus, decay, deterioriation, hidden or latent defect." Nonetheless, the policy does provide for coverage "caused by collapse of a building. . .if the collapse is caused by. . .hidden decay." App. 229a, 246a, 249a. Under New Jersey law, which governs interpretation of the policy, coverage for collapse includes a collapse which has not yet occurred but is "imminent." *See Buczek v. Continental Ins. Co.*, 378 F.3d 284, 290 (3d

2

Cir. 2004) (citing *Fantis Foods, Inc. v. North River Ins. Co.*, 753 A.2d 176, 183 (N.J. Super. Ct. App. Div. 2000)). Thus, the issue presented in this case is whether the condominium was in danger of imminent collapse.

Prior to trial, the District Court held a *Daubert* hearing and concluded that Fruchtman was qualified to testify as a technical expert. The Court also took "judicial notice that the Wildwood, New Jersey region is sometimes hit by hurricanes with wind speeds exceeding 90 m.p.h." *Stephan v. Continental Casualty Ins. Co.*, 2003 U.S. Dist. LEXIS 7568, * 10-11 (D.N.J. May 6, 2003).

The jury found that the Owners had failed to prove that the condominium would collapse if exposed to 90 mile per hour winds. The Owners appealed, arguing that they were entitled to judgment as a matter of law, pursuant to Fed R. Civ. P. 50. The Owners also take issue with the language of the District Court's jury instructions, and argue that the District Court should have permitted William Stephan to testify as to the cause of the building's propensity to sway in the wind. Transportation cross-appealed from the District Court's order permitting Fruchtman to testify as an expert.

We need not delve into any of these issues, however, because our recent decision in *Buczek v. Continental* disposes of the instant case. *Buczek* involved a similar three-story condominium in Wildwood, New Jersey, with similar rotting wooden pilings. The owners in *Buczek* replaced the pilings and sought reimbursement from the same insurance company, under a policy virtually identical to that in this case. The same attorneys

3

handled both cases, and the same District Judge presided over both trials. Indeed, during proceedings in this case, the District Judge frequently referenced his holdings in the *Buczek* matter, at one point noting that "I wasn't going to change my *Buczek* type rulings...let the Circuit have it." App. 334b.[1]

In *Buczek*, as here, Fruchtman testified that 90 mile per hour winds would cause the condominium to collapse. The District Judge took judicial notice of the fact that 90 mile per hour winds sometimes hit Wildwood, New Jersey, and ultimately entered judgment in favor of the condominium owners. In reversing, we held that "such a threat is not imminent and cannot serve to support a finding of 'collapse.'" 378 F.3d at 291, n. 5. Moreover, we noted that "the insurer's obligation to reimburse for acts taken to preserve or protect Covered Property does not extend to require reimbursement for prevention of damage to property that is excluded from coverage or for a circumstance that is not a covered cause of loss." *Id.* at 293.

There is no meaningful distinction between *Buczek* and this case. Furthermore, here, as noted above, the jury made the specific finding that the Owners had failed to prove that the condominium would collapse if exposed to 90 mile per hour winds. We will, therefore, affirm the final judgment of December 31, 2003.[2]

---

[1]The District Court entered judgment for Transportation on December 31, 2003. We issued our decision in *Buczek* on August 6, 2004.

[2]Because we will affirm the judgment in favor of Transportation, we need not reach Transportation's cross-appeal concerning Fruchtman's testimony.